Filed 7/1/25  P. v. Hill CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B342345 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA507928) |
| v. | |
| KALEN AHMAD HILL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mark S. Arnold, Judge.  Affirmed.

Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Christopher G. Sanchez, Deputy Attorneys General for Plaintiff and Respondent.

—————————

A jury convicted defendant Kalen Ahmad Hill of: First degree premeditated murder of Harrison Kristol (Pen. Code, § 187, subd. (a); count 1)[1]; assault with a semiautomatic weapon (§ 245, subd (b); count 2); shooting at an occupied vehicle (§ 246; count 3); second degree murder of Laroyice Deondra McFarland (§ 187, subd. (a); count 4); fleeing a pursuing peace officer's motor vehicle and causing serious bodily injury (Veh. Code, § 2800.3, subd. (a); count 5); and two counts of hit and run while driving resulting in death or serious injury (Veh. Code, § 20001, subd. (b)(2); counts 6 & 7). The jury also found true certain firearm enhancement allegations in connection with counts 1 and 2 (§ 12022.5, subd. (a)), and an allegation that defendant personally inflicted great bodily injury against the victim in count 7 (§ 12022.7, subd. (a)). The court found true certain aggravating sentencing factors, and further found that he had violated probation. (Cal. Rules of Court, rule 4.421(a)(1), (2) & (8).) The court sentenced defendant to prison for 58 years 8 months to life.

On appeal, defendant contends that the court prejudicially erred by failing to instruct the jury sua sponte on involuntary manslaughter as to count 4. We disagree, and affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY

### A. Prosecution Evidence

On August 6, 2018, defendant, a member of the West Boulevard Crips street gang, was driving his car with Kiara Lester as a passenger. As defendant pulled into a supermarket

---

[1] Unspecified statutory references are to the Penal Code.

parking lot, he and Lester argued about how Lester had been "cheating" on defendant with Harrison Kristol, a member of a rival gang. While they sat in their parked car, defendant and Lester saw Kristol and a companion walk out of the supermarket to Kristol's car. As defendant backed out of his parking space, Lester asked Kristol what he was doing, and defendant told her to "mind [her] fucking business."

Kristol drove out of the parking lot and headed eastbound on Rodeo Road.[2] Defendant, driving at a high rate of speed, caught up to Kristol's car and told Lester to get her head down. As defendant drove in the center median alongside Kristol's car, he fired multiple gunshots through the open passenger-side window at Kristol's car. A bullet struck Kristol in the head, killing him. Kristol's car swerved toward the curb on the north side of Rodeo Road and struck Laroyice McFarland, who was standing next to a parked vehicle. McFarland died as a result of his injuries.

Los Angeles Police Department Officer Jorge Avila and his patrol partner saw the shooting, turned on their marked patrol car's lights and sirens, and gave chase. Defendant drove at speeds between 100 and 120 miles per hour, through at least two red lights and two residential stop signs, and at times on the wrong side of the road. During the chase, he struck and injured a bicyclist.

Defendant successfully evaded the pursuing officers that day, but was later arrested. While in jail, he made incriminating statements to an undercover informant. Cell phone records

---

[2] Sometime after the incident, Rodeo Road was renamed Obama Boulevard.

3

connected defendant to the incident and indicated that he traveled to Las Vegas a few days after the shooting.

## B.    Defense Evidence

Calvin Thomas testified for the defense.  Thomas lived in Las Vegas in August 2018.  He testified that defendant was visiting him in Las Vegas on August 6, 2018, the day of the shooting.  Thomas was certain of the date because "that's the day Aretha Franklin died."  He "was playing Aretha Franklin all day and [defendant] kept on asking [him] why, why, why, Aretha Franklin."

After the defense rested, the parties stipulated that Aretha Franklin died on August 16, 2018.

## DISCUSSION

In count 4 of the information, the prosecution charged defendant with the murder of McFarland, the pedestrian struck by Kristol's car after defendant shot Kristol.  The court instructed the jury on first and second degree murder.  Neither party requested an instruction on voluntary manslaughter, and the court did not give one.  The jury found defendant guilty of second degree murder of McFarland.

Defendant contends that failure to instruct the jury sua sponte on involuntary manslaughter was prejudicial error.  We disagree.

"A trial court must instruct on a lesser included offense if substantial evidence exists indicating that the defendant is guilty only of the lesser offense."  (*People v. Manriquez* (2005) 37 Cal.4th 547, 584.)  Substantial evidence in this context, "is not merely '*any* evidence . . . no matter how weak' [citation], but rather ' "evidence from which a jury composed of reasonable [persons]

4

could . . . conclude[ ]" ' that the lesser offense, but not the greater, was committed." (*People v. Cruz* (2008) 44 Cal.4th 636, 664.)  "On appeal, we review independently the question whether the trial court failed to instruct on a lesser included offense." (*People v. Cole* (2004) 33 Cal.4th 1158, 1215.)

Manslaughter is a lesser included offense of murder. (*People v. Thomas* (2012) 53 Cal.4th 771, 813; *People v. Gutierrez* (2002) 28 Cal.4th 1083, 1145.)  The feature that distinguishes murder and manslaughter is malice. (*People v. Schuller* (2023) 15 Cal.5th 237, 252; *People v. Rios* (2000) 23 Cal.4th 450, 460.) Malice "may be either express or implied.  It is express 'when there is manifested a deliberate intention unlawfully to take away the life of a fellow creature.' (§ 188.)" (*People v. Chun* (2009) 45 Cal.4th 1172, 1181.)  It is implied "when 'the killing is proximately caused by " 'an act, the natural consequences of which are dangerous to life, which act was deliberately performed by a person who knows that his conduct endangers the life of another and who acts with conscious disregard for life.' " ' " (*People v. Reyes* (2023) 14 Cal.5th 981, 988.)

"[W]hen the evidence presents a material issue as to whether a killing was committed with malice, the court has a sua sponte duty to instruct on involuntary manslaughter as a lesser included offense, even when the killing occurs during the commission of an aggravated assault." (*People v. Brothers* (2015) 236 Cal.App.4th 24, 35.)  When, however, "the defendant indisputably has deliberately engaged in a type of aggravated assault the natural consequences of which are dangerous to human life, thus satisfying the objective component of implied malice as a matter of law, and no material issue is presented as to whether the defendant subjectively appreciated the danger to

5

human life his or her conduct posed, there is no sua sponte duty to instruct on involuntary manslaughter." (*Ibid.*)

Here, defendant, while driving at a high rate of speed, fired several bullets at Kristol, the driver of another vehicle. One bullet hit Kristol, killing him, causing his car to lose control and hit the bystander McFarland.[3] Defendant indisputably and deliberately engaged in an aggravated assault the natural consequences of which are dangerous to human life. The same conduct presents no material issue as to defendant's subjective appreciation of the danger of his conduct to human life.

The fact that defendant may not have been aware of McFarland or of the danger his conduct posed to particular persons is irrelevant. " '[I]mplied malice aforethought does not exist in the perpetrator only in relation to an intended victim. Recklessness need not be cognizant of the identity of a victim or even of his existence.' [Citations.] When a defendant commits an act, the natural consequences of which are dangerous to human life, with a conscious disregard for life in general, he acts with implied malice towards those he ends up killing. There is no requirement the defendant specifically know of the existence of each victim." (*People v. Taylor* (2004) 32 Cal.4th 863, 868, italics omitted; see *People v. Albright* (1985) 173 Cal.App.3d 883, 887 ["implied malice may be found . . . whenever, inter alia, the facts establish a defendant's awareness and conscious disregard that his conduct poses a high probability of death to *some* person"].)

---

[3] Defendant does not dispute the jury's finding that defendant's act of shooting at Kristol legally caused McFarland's death.

Based on the record, there is no substantial evidence from which jurors could conclude that defendant acted without malice in firing his gun at Kristol.  The court therefore had no duty to instruct as to involuntary manslaughter.

## DISPOSITION

The judgment is affirmed.
NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:


WEINGART, J.


M. KIM, J.